| EEOC | DIRECTIVES TRANSMITTAL | Number 915.003 |
|---|---|---|
| | | Date |

**SUBJECT:** EEOC COMPLIANCE MANUAL

**PURPOSE:** This transmittal covers the issuance of Section 2 of the new Compliance Manual on "Threshold Issues." The section provides guidance and instructions for investigating and analyzing coverage, timeliness, and other threshold issues that are generally addressed when a charge is first filed with the EEOC.

**EFFECTIVE DATE:** Upon receipt

**DISTRIBUTION:** EEOC Compliance Manual holders

**OBSOLETE DATA:** This section of the new Compliance Manual supersedes the following: Section 605: *Jurisdiction*, EEOC Compliance Manual, Volume II; Enforcement Guidance on the *Bona Fide Private Membership Club Exception*, EEOC Compliance Manual, Volume II, Appendix 605-A; Enforcement Guidance on *Sheriffs' Deputies*, EEOC Compliance Manual, Volume II, Appendix 605-C; Enforcement Guidance on *Work Release Programs*, EEOC Compliance Manual, Volume II, Appendix 605-D; Enforcement Guidance on *Partners, Officers, Members of Boards of Directors, and Major Shareholders*, EEOC Compliance Manual, Volume II, Appendix 605-E; Enforcement Guidance on *Integrated Enterprises and Joint Employers*, EEOC Compliance Manual, Volume II, Appendix 605-G; Enforcement Guidance on *Independent Contractors and Independent Businesses*, EEOC Compliance Manual, Volume II, Appendix 605-H; Enforcement Guidance on *Counting Employees to Determine Title VII Jurisdiction* (1997); Policy Guidance on *Whether Part-time Employees Are Employees Within the Meaning of &sect; 701(b) of Title VII and &sect; 11(b) of the ADEA* (1990); Policy Statement on *Effect of 1986 Amendments to ADEA on Commission's Enforcement Activities* (1988).

**FILING INSTRUCTIONS:** This is the second section issued as part of the new Compliance Manual.

/S/
Ida L. Castro
Chairwoman

# SECTION 2: THRESHOLD ISSUES

## TABLE OF CONTENTS

2-I OVERVIEW

2-II COGNIZABLE CLAIMS

A. Covered Bases

   1. Title VII


EXHIBIT A

The ADEA does not apply to federally funded or state programs designed to enhance employment of individuals with "special employment problems."(95) Such programs include those designed to enhance employment of the long-term unemployed, individuals with disabilities, members of minority groups, older workers, or youth. For additional guidance on this exemption, refer to Policy Statement on *Specific Exemptions from Coverage Pursuant to § 9 of the Age Discrimination in Employment Act*, EEOC Compliance Manual, Volume II (1988).

## B. Covered Entities

---

**COVERED ENTITIES**

- Employers
- Employment agencies
- Labor organizations

---

The prohibitions under Title VII, the ADEA, and the ADA generally apply to employers, employment agencies, and labor organizations.(96) The EPA applies to employers and labor organizations. The requirements for coverage for each of these entities are discussed below.

### 1. Requirements for Coverage

#### a. Employers

##### i. Title VII, the ADEA, and the ADA

"Employers" include private sector and state and local government entities.(97) An employer is covered under Title VII or the ADA if it has 15 or more employees for each working day in each of 20 or more calendar weeks in the same calendar year as, or in the calendar year prior to when, the alleged discrimination occurred.(98) The requirements for coverage of a private sector employer under the ADEA are the same, except that it must have 20 or more employees. A state or local government employer is covered under the ADEA regardless of its number of employees.(99)

Importantly, the Supreme Court has ruled that under the ADEA, private age discrimination suits against states are impermissible unless the state waives its sovereign immunity.(100) However, the EEOC's enforcement authority remains unaffected, and the EEOC may continue to sue states to obtain relief for individuals. Therefore, investigators should continue to take charges against states under the ADEA. If a charge is filed against a state under the ADA or the EPA, the investigator should consult the legal unit.

To be covered, an employer must also be engaged in an "industry affecting commerce"; however, this requirement is rarely at issue, and it can be assumed that an employer having the requisite number of employees for the relevant time frame will also meet the commerce requirement.

A covered employer also includes an agent of an employer that meets the requirements under the appropriate statute. Coverage of agents is discussed at § 2-III B.2, below.

Under Title VII, the ADEA, and the ADA, an employer is covered if it has an employment relationship with the requisite number of employees for the relevant number of weeks, *regardless of the daily work schedules of the individual employees*.(101) For example, an employee who only works on Mondays and Wednesdays is counted as an employee for the entire week because s/he continues to have an employment relationship with the employer throughout the week. An individual is counted as an employee for each working day after hire and until employment terminates.

Case 2:18-cv-01790-WED   Filed 01/11/19   Page 2 of 5   Document 12-2

## COUNTING EMPLOYEES

To count employees, determine the number of employees on an employer's payroll; exclude individuals who are not employees, e.g., discharged/former employees or independent contractors. Add to that figure any other individuals who have an employment relationship with the employer, such as temporary or other staffing firm workers. Where a charge is filed during the early part of the calendar year, it may be necessary to wait until later during the same year to assess employer coverage.

In determining whether the 20-week requirement is met, only calendar weeks when the employer had the requisite number of employees for each workday of that week are counted. However, the 20 weeks need not be consecutive. In addition, an employee who started or ended employment during the middle of a calendar week is counted as an employee on the days when s/he had an employment relationship with the employer.[102]

The employer is not required to have the statutory number of employees at the time of the alleged violation or before it, as long as the requirement is met by the end of the calendar year in which the discrimination occurred. For example, a newly formed company may have been in operation for only a short period at the time that a disputed action transpired. However, it would be covered if it met the 20-week requirement during the remainder of the same calendar year.[103]

> **Example** - CP filed a charge alleging that she was not hired because of her sex and age on March 1, 1998. A review of Respondent's personnel records reveals the following:
>
> January 1 - April 1, 1998: 14 employees
> April 2 - August 1, 1998: 21 employees
> August 2 - November 1, 1998: 14 employees
> November 2 - December 31, 1998: 19 employees
>
> The records reveal that Respondent had 15 or more employees for at least 20 calendar weeks during 1998, the year during which the alleged discrimination occurred. Therefore, it is a covered employer under Title VII. However, it is not covered by the ADEA because it did not have 20 or more employees for at least 20 weeks.

### ii. EPA

EPA coverage is extremely broad. The EPA applies to employers "engaged in commerce or in the production of goods for commerce" with an annual gross volume of sales or business done of at least $500,000.[104] Health and educational institutions and government agencies are covered by the EPA, regardless of size. There are a few narrow exemptions for employees in certain professions.[105] In the unlikely event that EPA coverage is challenged by the respondent, the investigator should consult the legal unit.

### iii. Special Issues Regarding Multiple Entities[106]

#### (a) Integrated Enterprises

If an employer does not have the minimum number of employees to meet the statutory requirement, it is still covered if it is part of an "integrated enterprise" that, overall, meets the requirement. An integrated enterprise is one in which the operations of two or more employers are considered so intertwined that they can be

Case 2:18-cv-01790-WED Filed 01/11/19 Page 3 of 5 Document 12-2

considered the single employer of the charging party. The separate entities that form an integrated enterprise are treated as a single employer for purposes of both coverage and liability. If a charge is filed against one of the entities, relief can be obtained from any of the entities that form part of the integrated enterprise.

The factors to be considered in determining whether separate entities should be treated as an integrated enterprise are:

- **The degree of interrelation between the operations**
    - Sharing of management services such as check writing, preparation of mutual policy manuals, contract negotiations, and completion of business licenses
    - Sharing of payroll and insurance programs
    - Sharing of services of managers and personnel
    - Sharing use of office space, equipment, and storage
    - Operating the entities as a single unit
- **The degree to which the entities share common management**
    - Whether the same individuals manage or supervise the different entities
    - Whether the entities have common officers and boards of directors
- **Centralized control of labor relations**
    - Whether there is a centralized source of authority for development of personnel policy
    - Whether one entity maintains personnel records and screens and tests applicants for employment
    - Whether the entities share a personnel (human resources) department and whether inter-company transfers and promotions of personnel are common
    - Whether the same persons make the employment decisions for both entities
- **The degree of common ownership or financial control over the entities**
    - Whether the same person or persons own or control the different entities
    - Whether the same persons serve as officers and/or directors of the different entities
    - Whether one company owns the majority or all of the shares of the other company(107)

The purpose of these factors is to establish the degree of control exercised by one entity over the operation of another entity. All of the factors should be considered in assessing whether separate entities constitute an integrated enterprise, but it is not necessary that all factors be present, nor is the presence of any single factor dispositive. The primary focus should be on centralized control of labor relations. It should be noted that while this issue often arises where there is a parent-subsidiary relationship, a parent-subsidiary relationship is not required for two companies to be considered an integrated enterprise.(108)

> **Example** - CP applies for a position with ABC Corp., is rejected, and files a charge alleging sex and age discrimination.
>
> ABC Corp. is a computer training center. Jane Smith is its president and sole proprietor. She is also the president and sole proprietor of three other computer training centers, and of Computer Training, Inc. (CTI), which manages ABC Corp. and the three other centers. Smith is personally involved in the management of each of these companies and makes personnel decisions for the training centers in her capacity as president of CTI and as president of the individual centers. CTI pays the bills for each of the training centers, handles payroll, and negotiates contracts for the centers. CTI created a personnel handbook for use by each of the training centers. The profits of the individual training centers are pooled into one bank account in the name of CTI, which maintains a centralized management account allowing the profits of more successful training centers to cover the losses of less successful ones.

Case 2:18-cv-01790-WED Filed 01/11/19 Page 4 of 5 Document 12-2

> Under these circumstances, ABC, CTI, and the other training centers are an integrated enterprise, and should be considered a single employer for purposes of coverage and liability under the EEO statutes.

### (b) Joint Employers

The term "joint employer" refers to two or more employers that are unrelated or that are not sufficiently related to qualify as an integrated enterprise, but that each exercise sufficient control of an individual to qualify as his/her employer.[109] The "joint employer" issue frequently arises in cases involving temporary staffing agencies. A charge must be filed against each employer to pursue a claim against that employer.

To determine whether a respondent is covered, count the number of individuals employed by the respondent alone *and* the employees jointly employed by the respondent and other entities. If an individual is jointly employed by two or more employers, then s/he is counted for coverage purposes for *each* employer with which s/he has an employment relationship.

If a charge is filed by a contract worker who is jointly employed by a private-sector employer and a federal agency, s/he should be notified that a claim against the federal agency must be filed with the agency's EEO office.

For more guidance on the determination of whether an entity qualifies as a joint employer, refer to the Commission's Enforcement Guidance on *Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms*, Questions 1-2, N:3319-21 (BNA) (1997) (available at www.eeoc.gov) (discussing factors considered in determining whether an entity has sufficient control to qualify as an individual's employer).

> **Example 1** - CP files a charge against ABC Corp alleging that she was subjected to religious harassment. ABC Corp. has 13 regular employees and five employees assigned by a temporary agency, who are jointly employed by ABC and the temporary agency. ABC is covered under Title VII because it has 18 employees.
>
> **Example 2** - CP 1 files a charge against ABC Corp under the ADEA. CP 2 files a charge against Smith Corp under Title VII. ABC is the sole employer of 17 employees. ABC also employs 5 employees who are jointly employed by Smith. Smith is the sole employer of 12 employees. Under the circumstances, ABC is covered under the ADEA, and Smith is covered under Title VII.

### b. Employment Agencies

An entity is a covered employment agency if it regularly procures employees for at least one covered employer, whether or not it receives compensation for those services.[110] An employment agency that regularly procures employees for at least one covered employer is covered with respect to all of its employee procurement and referral activities, including its referrals to a non-covered employer.[111] Coverage extends to agents of such an employment agency. For a discussion of agents, refer to § 2-III B.2, below. An employee of a covered employment agency may file a charge against the agency as his/her employer even if it does not have the requisite number of employees for employer coverage under the relevant EEO statute.[112]

> **Example 1** - CP files a charge alleging that she was not referred by Respondent, an employment agency, for a position with ABC Corp., which has 17 employees, because of her age. Respondent also regularly procures employees for XYZ Corp., which has over 50 employees. Although ABC is not a covered employer under the ADEA, Respondent also regularly procures employees for XYZ, which is a covered employer. Therefore, Respondent is a covered employment agency, and is prohibited

Case 2:18-cv-01790-WED Filed 01/11/19 Page 5 of 5 Document 12-2