UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SUSAN M. JOYCE,

    Plaintiff,

v.

MILWAUKEE CYLINDER, a Business Unit of ENERPAC, which Is Solely Owned by ACTUANT CORP; and INTERNATIONAL ASSOCIATION OF MACHINISTS, LOCAL 1862,

    Defendants.

Case No.: 18-CV-1790

---

# JOINT RULE 26(F) REPORT

Plaintiff Susan M. Joyce, by her attorneys, Horizons Law Group, defendants Milwaukee Cylinder, Enerpac, and Actuant Corp. (collectively, the "Company"), by their attorneys Hinshaw & Culbertson, LLP, and defendant International Association of Machinists, Local 1862 (the "Union"), by its attorneys the Previant Law Firm, SC, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f). The scheduling conference will be held telephonically on April 23, 2019, at 10:00 a.m. before the honorable Magistrate Judge David E. Jones.

Pursuant to Fed. R. Civ. P. 26(f), a telephone conference was held on April 1, 2019. Attorney Larraine McNamara-McGraw participated for the Plaintiff, Attorney Elizabeth Odian participated on behalf of the defendant Company, and Jill Hartley participated on behalf of the defendant Union.

1. <u>Nature of the Case</u>. Plaintiff brings this lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e § et seq. as amended. Ms. Joyce alleges the Company

discriminated against her in the terms and conditions of employment by causing a hostile work environment by actions that include the Defendant Milwaukee Cylinder causing false and improper disciplinary actions to be brought against Ms. Joyce, by terminating her employment because of her sex, and terminating her employment in retaliation for filing a charge of discrimination with the State of Wisconsin Equal Rights Division (ERD).  She also alleges that the Union discriminated against her on the basis of sex by supporting the actions of Milwaukee Cylinder and by failing to provide adequate union representation which failure perpetuated and added to the hostile work environment at Milwaukee Cylinder.  She further alleges that the progressive discipline steps the Company and the Union relied on in concluding her termination was proper were in fact not properly followed as required by her collective bargaining agreement with the Company. The Company and Union deny all claims. The Company asserts it disciplined and terminated Ms. Joyce's employment because she repeatedly violated the direct order of a supervisor. It also denies subjecting her to a hostile work environment. The Company also contends Plaintiff's purported hostile work environment claim is barred because she did not raise that claim in her ERD charge, cross-filed with the U.S. Equal Employment Opportunity Commission (EEOC).[1] The Union asserts it provided Joyce fair and adequate representation comparable to the representation it affords male union members.

2. <u>Statutory Basis for Jurisdiction and Venue</u>.  The parties agree that this Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §§ 1331 (federal question).  The parties further agree that venue is proper in the United States District Court for the Eastern District of Wisconsin because the Plaintiff resides in this District.

---

[1] The Company first learned Plaintiff intends to pursue a hostile work environment claim during the parties Rule 26(f) conference, and contends it is not clearly alleged in Plaintiff's Complaint.

3. <u>Possibility of Prompt Settlement</u>. . The parties discussed potential resolution while the case was pending before the ERD. However, those discussions ended quickly. The parties have not engaged in mediation or been ordered to mediate Plaintiffs' sex discrimination claims. Although the parties are open to continuing settlement discussions, they believe the likelihood of prompt settlement is remote.

4. <u>Amendment to the Pleadings</u>. Plaintiff may file an amended complaint, in part to clarify the proper Defendants and Plaintiff's causes of action. The deadline for filing amended pleadings without leave of the Court is May 23, 2019.

5. <u>Initial Disclosures</u>. The parties shall exchange Rule 26(a)(1) initial disclosures on or before May 7, 2019. The Parties do not otherwise anticipate changing the time, form, or requirement for disclosures under Rule 26(a)(1).

6. <u>Electronically Stored Information</u>. At this time, the Parties do not anticipate any special issues related to the disclosure or discovery of electronic information but will promptly address any issues that do arise during the course of discovery.

7. <u>Confidentiality</u>. The Parties do not anticipate any disputes concerning confidentiality or claims of privilege. The Company will request that a protective order be entered to limit the use and disclosure of personnel records.

8. <u>Orders</u>. The Parties do not contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. The parties do expect orders to be entered on all motions pending at the time of this report. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

9. *Discovery Plan*

    a. Limitations on Discovery

Prior to filing this lawsuit, Plaintiff filed a charge of discrimination with the ERD alleging violations of the Wisconsin Fair Employment Act. She cross-filed her charge with the EEOC, alleging violations of Title VII. In accordance with the work-share agreement between the ERD and EEOC, the ERD investigated Plaintiff's WFEA claims first. After a 6-day hearing on the merits and post-hearing briefing, the ERD issued written decisions finding the defendants did not violate the Wisconsin Fair Employment Act. That decision is presently pending appeal before the Wisconsin Labor Industry Review Commission (LIRC). Prior to the hearing, the parties engaged in substantial discovery. The ERD did not address damages.

Because the factual underpinning of Plaintiff's claims and the Defendants' defenses is the same under Title VII and the WFEA, the parties agree that the parties be prohibited from: (1) serving written discovery duplicative of discovery served during the ERD proceedings, and (2) noticing depositions of individuals who gave deposition or hearing testimony during the ERD proceedings except for the purpose of exploring new information or subjects unearthed during discovery. The parties may request supplementation of written discovery. Discovery on the issue of damages, including expert discovery, is anticipated.

    b. Subjects on which discovery may be needed:

        i. Damages, including expert discovery; and

        ii. Supplementation of discovery requests served during the ERD proceedings.

      *c.*     *Depositions*

The parties intend to take the deposition of any experts named by the other parties.

      *d.*     *Completion of Discovery*

The parties agree that discovery on liability issues shall be completed by December 15, 2019. Discovery on damages shall be completed at least 60 days prior to trial.

10. <u>Dispositive Motions</u>. Dispositive motions shall be briefed, filed, and served on or before January 15, 2020; response briefs shall be filed and served on or before February 14, 2020; and reply briefs shall be filed and served on or before February 28, 2020.

11. <u>Expert Witnesses</u>. Plaintiff shall disclose her expert witnesses on or before September 1, 2019; Defendants shall disclose their experts on or before October 1, 2019. Disclosures will be made pursuant to Fed. R. Civ. P. 26(a)(2).

12. <u>Electronic Service</u>. The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties also consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

13. <u>Length of Trial</u>. At this time, the parties estimate that the trial will last 5 days.

14. <u>Jury Trial Requested</u>.

303473529v1 0971851

| | /s/ Larraine McNamara-McGraw |
|---|---|
| Dated this 8th day of April 2019. | Larraine McNamara-McGraw<br>State Bar No. 1003970<br>Lila J. Zajac<br>State Bar No. 1038417<br>Attorneys for Plaintiff, SUSAN M. JOYCE<br>**HORIZONS LAW GROUP, LLC**<br>611 N. Barker Rd., Suite 209<br>Brookfield, WI 53045<br>Phone No. 262-432-3600<br>E-mail Address: lmcgraw@horizonslaw.com<br>lzajac@horizonslaw.com |
| | /s/ Elizabeth A. Odian |
| Dated this 8th day of April 2019. | David J. Hanus<br>State Bar No. 1027901<br>Elizabeth A. Odian<br>State Bar No. 1084776<br>Attorneys for Defendants, MILWAUKEE CYLINDER, ENERPAC and ACTUANT CORP.<br>**HINSHAW & CULBERTSON LLP**<br>100 E. Wisconsin Avenue, Suite 2600<br>Milwaukee, WI 53202<br>Phone No. 414-276-6464<br>Fax No. 414-276-9220<br>E-mail Address: dhanus@hinshawlaw.com<br>eodian@hinshawlaw.com |
| | /s/ Jill M. Hartley |
| Dated this 8th day of April 2019. | Matthew R. Robbins<br>State Bar No. 1016672<br>Jill M. Hartley<br>State Bar No. 1027926<br>Attorneys for Defendant INTERNATIONAL ASSOCIATION OF MACHINISTS, LOCAL 1862<br>**THE PREVIANT LAW FIRM, S.C.**<br>310 West Wisconsin Avenue, Suite 100MW<br>Milwaukee, WI 53203<br>Phone No. 414-271-4500<br>Fax No. 414-271-6308<br>E-mail Address: mrr@previant.com<br>jh@previant.com |