
**EXHIBIT A**


# HINSHAW
& CULBERTSON LLP

Elizabeth A. Odian
414-225-4806
eodian@hinshawlaw.com

**ATTORNEYS AT LAW**
100 East Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202-4115

414-276-6464
414-276-9220 (fax)
www.hinshawlaw.com

June 19, 2015

### SENT VIA FACSIMILE AND REGULAR MAIL

Attorney Larraine McNamara-McGraw
Horizons Law Group, LLC
611 N. Barker Rd., #209
Brookfield, WI 53045

> Re: Susan Joyce v. Milwaukee Cylinder, et.al.
> ERD Case Nos. CR201402554; 201303179

Dear Larraine:

Enclosed please find Respondent Milwaukee Cylinder's First Set of Interrogatories, Requests for Admission, and requests for Production of Documents to Complainant Susan Joyce.

Pursuant to statute, I have retained the original for my file.

Very truly yours,

HINSHAW & CULBERTSON LLP

Elizabeth A. Odian

EAO:lam
Enclosure

*Building on the Barger Tradition*

DEPARTMENT OF WORKFORCE DEVELOPMENT
EQUAL RIGHTS DIVISION
HEARING & MEDIATION SECTION

SUSAN JOYCE,

    Plaintiff,

v.

MILWAUKEE CYLINDER,

    Defendant.

ERD Case No.: CR201402554 & 201303179

EEOC Case No: 26G201401401240C & 26G201400188C

## RESPONDENT MILWAUKEE CYLINDER'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO COMPLAINANT SUSAN JOYCE

Respondent Milwaukee Cylinder hereby propounds the following interrogatories, requests for admission, and requests for production of documents to Complainant Susan Joyce, to be answered within (30) days pursuant to Wisconsin Statute Sections 804.08, 804.09, and 804.11. Requested documents shall be produced to the offices of Hinshaw & Culbertson LLP. 100 East Wisconsin Avenue, Suite 2600, Milwaukee, Wisconsin 53203 within (30) days.

### INTERROGATORIES

**INTERROGATORY NO. 1:** State your date of birth, social security number, and current address.

**INTERROGATORY NO. 2:** Please list each and every job position that you have applied for since May 2, 2014 and state as to each:

    a)     the name, address and telephone number of the prospective employer;

    b)     the job title and general description of the position applied for;

16710481v1 0971851
Case 2:18-cv-01790-WED  Filed 12/04/19  Page 2 of 9  Document 39-1

c) whether you interviewed for the position and, if so, the date or dates of any interviews, and the name of the interviewer(s);

d) whether you received an offer of employment and, if so, the date of the offer, the hourly wage or salary, and the anticipated hours of work.

**INTERROGATORY NO. 3:** Please state whether you are currently employed and, if so, please state the following:

a) your employer's name, address, and telephone number;

b) your date of hire;

c) your job title and general description of your duties;

d) your hourly wage, and number of hours worked per week, or your annual salary, whichever is applicable.

**INTERROGATORY NO. 4:** For any period of time during which you have been unemployed since May 2, 2014, state the period of unemployment and describe in detail all efforts made you to secure new employment.

**INTERROGATORY NO. 5:** Please state whether you have received unemployment benefits since May 2, 2014, and, if so, state the dates and amount of such benefits.

**INTERROGATORY NO. 6:** Please list all amounts that you have earned, from any other source, not already listed, from May 2, 2014, to the present. In your answer, please list all amounts earned or earnable with due diligence.

**INTERROGATORY NO. 7:** Describe your job duties in 2013 and 2014.

**INTERROGATORY NO. 8:** Without referencing your charge of discrimination or ERD submissions, identify and describe all actions taken by Milwaukee Cylinder and its

2

16710481v1 0971851

employees that you claim constitute sex discrimination in terms and conditions of employment, unlawful termination on the basis of sex, and retaliation for filing an ERD charge.

**INTERROGATORY NO. 9:** Please state the name, address and telephone number of each individual with knowledge of the facts supporting your charges and state all facts each person named has knowledge of.

**INTERROGATORY NO. 10:** Please itemize, by type and amount, all damages that you claim from defendants in this action.

**INTERROGATORY NO. 11:** State whether you have obtained any written or oral statements from individuals relating to this lawsuit. If the answer is "yes," please identify the individual from whom the statement was taken, state whether the statement was oral or in writing, and describe in detail the substance of the statement.

**INTERROGATORY NO. 12:** Identify any content on any Facebook, Twitter, Linked-In, or other social media account, website or blog you maintain(ed) or joined which relates to either Defendants or to any facts asserted in your Complaint.

**INTERROGATORY NO. 13:** For each Request for Admission below to which you provide an answer other than an unqualified admission, state all facts supporting your denial, partial denial, or qualified admission.

**INTERROGATORY NO. 14:** State whether you have ever filed a charge of discrimination, lawsuit, administrative complaint, or any other complaint with your employer a state, federal, or administrative court, arbitrator, union, or governmental agency relating in any way to your employment. If your answer is "yes," please state the name of the defendant(s), the jurisdiction in which the complaint was filed, the case number, the date of filing, the specific causes of action made against the defendant(s) and the case's final disposition.

16710481v1 0971851

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce all documents identified in your responses to interrogatories above.

**REQUEST NO. 2:** Produce copies of all job applications, cover letters, resumes or other applications for employment that you have submitted to any current or prospective employer since May 2, 2014.

**REQUEST NO. 3:** Produce copies of your pay stubs from May 2, 2014 to the present.

**REQUEST NO. 4:** Produce all documents substantiating or tending to prove your claim that the defendant discriminated against you in the terms and conditions of your employment based on your sex.

**REQUEST NO. 5:** Produce all documents substantiating or tending to prove your claim that the defendant unlawfully terminated you on the basis of your sex.

**REQUEST NO. 6:** Produce all documents substantiating or tending to prove your claim that the defendant retaliated against you for filing an ERD charge.

**REQUEST NO. 7:** Produce copes of all witness statements obtained from any current or former employees of Milwaukee Cylinder.

**REQUEST NO. 8:** Produce all documents and items you obtained from Milwaukee Cylinder's premises when you were permitted to return and obtain personal, work, and other items, including, but not limited to, any items you obtained from your filing cabinet.

**REQUEST NO. 9:** Produce all documents related to the injury you allege you sustained on July 25, 2013.

**REQUEST NO. 10:** Produce any and all documents provided by IAM District 10 to you during discovery in your charge of discrimination against IAM District 10.

4

16710481v1 0971851

**REQUEST NO. 11:** Produce any and all documents you submitted to the ERD or EEOC in connection with your charge of discrimination against IAM District 10.

**REQUEST NO. 12:** Produce all documents you produced in discovery to IAM District 10 in relation to your charge of discrimination against IAM District 10.

**REQUEST NO. 13:** Produce all logs, notes, records, reports or other written materials you maintained relating to John Carpenter's work performance, including but not limited to his performance, whereabouts, and work product.

**REQUEST NO. 14:** Produce, in native format, all photographs, videos, or images you took during the years 2012, 2013 and 2014 of John Carpenter while on the Milwaukee Cylinder premises.

**REQUEST NO. 15:** Produce all documents you plan to use in your prosecution of IAM District 10.

**REQUEST NO. 16:** Produce all correspondences between you and John Carpenter from 2012 to present relating to the allegations made in your charge of discrimination.

**REQUEST NO. 17:** Produce all documents substantiating the amount of damages you claim from defendants in this action.

**REQUEST NO. 18:** Produce copies of any communications or documents you sent to the Equal Rights Division in this matter.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you were terminated for legitimate non-discriminatory reasons.

**REQUEST NO. 2:** Admit that you were terminated for violating a Direct Order.

**REQUEST NO. 3:** Admit that your termination was in no way motivated by your sex.

**REQUEST NO. 4:** Admit that you were not terminated due to the quality of your work.

**REQUEST NO. 5:** Admit that you hold a personal grudge against John Carpenter.

**REQUEST NO. 6:** Admit that in your role as a PGL you do not have authority to discipline individuals in your group.

**REQUEST NO. 7:** Admit that in your role as PGL you are not responsible for assessing the performance of employee's in your group.

**REQUEST NO. 8:** Admit that a PGL can purchase materials for his or her area without communicating directly with other employees in the his or her group.

**REQUEST NO. 9:** Admit that a PGL can schedule tasks for his or her area without communicating directly with other employees in the his or her group.

**REQUEST NO. 10:** Admit that in 2013 and/or 2014 you logged John Carpenter's whereabouts.

**REQUEST NO. 11:** Admit that from January 1, 2013 to May 2, 2014 there were no job postings at Milwaukee Cylinder for which you were qualified for that would not result in a decrease in your pay.

**REQUEST NO. 12:** Admit that from January 1, 2013 to May 2, 2014 there were no job postings at Milwaukee Cylinder for which John Carpenter was qualified for that would not result in a decrease in his pay or a shift change.

**REQUEST NO. 13:** Admit that in 2013 and/or 2014 you logged John Carpenter's performance.

**REQUEST NO. 14:** Admit that you accused John Carpenter of violating a shop rule for talking too loud.

16710481v1 0971851

**REQUEST NO. 15:** Admit that at that time you accused John Carpenter of violating a shop rule for talking too loud, Milwaukee Cylinder did not have a shop rule governing the volume of a person's voice.

**REQUEST NO. 16:** Admit that you regularly turned off John Carpenter's radio when he left his machine.

**REQUEST NO. 17:** Admit that you operated John Carpenter's machine while he was at work but away from his machine.

**REQUEST NO. 18:** Admit that you did not file nonconformance reports on employees in your group other than John Carpenter.

**REQUEST NO. 19:** Admit that you did not file safety cards on employees in your group other than John Carpenter.

**REQUEST NO. 20:** Admit that you were given a direct order on July 25, 2013, not to have direct or indirect contact with John Carpenter.

**REQUEST NO. 21:** Admit that John Carpenter was given a direct order on July 25, 2013, not to have direct or indirect contact with you.

**REQUEST NO. 22:** Admit that on July 29, 2013 you were issued a Serious Discipline notice for failure to comply with the July 25, 2013 direct order.

**REQUEST NO. 23:** Admit that on August 5, 2013 you were issued a Serious Discipline notice for failure to comply with the July 25, 2013 direct order.

**REQUEST NO. 24:** Admit that on November 4, 2013 you were issued a Serious Discipline notice for failure to comply with the July 25, 2013 direct order.

**REQUEST NO. 25:** Admit that on December 19, 2013 you were issued a warning for a serious violation for violating the July 25, 2013 no contact Direct Order.

7

**REQUEST NO. 26:** Admit that on December 19, 2014 you signed a memo confirming your understanding of the July 25, 2013 no contact Direct Order.

**REQUEST NO. 27:** Admit that John Carpenter never violated the July 25, 2013 no contact Direct Order.

Dated at Milwaukee Wisconsin this 18th day of June, 2015.

**HINSHAW & CULBERTSON LLP**
Attorneys for Respondent Milwaukee Cylinder

Elizabeth A. Odian
State Bar No. 1084776

**P.O. Address:**

100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
414-276-6464