UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUSAN M. JOYCE,

          Plaintiff,

   v.                                     Case No. 18-CV-1790

MILWAUKEE CYLINDER, et al.,

          Defendants.

ORDER

1. **Procedural Background**

Plaintiff Susan Joyce worked for defendant Milwaukee Cylinder for 25 years. (ECF No. 1, ¶ 12.) During that time she had a 10-year romantic relationship with John Carpenter, a co-worker. (ECF No. 1, ¶¶ 15-16.) When the relationship ended, Carpenter began to verbally harass Joyce by "swearing, calling her names and screaming at her." (ECF No. 1, ¶ 18.) She complained to management and the union, but nothing was done, and Carpenter's conduct escalated. (ECF No. 1, ¶¶ 19-24.) Management told Carpenter and Joyce not to have "direct contact" with each other. (ECF No. 1, ¶ 21.)

Joyce was repeatedly suspended, "disciplined," or "given a … layoff" for allegedly violating this instruction. (ECF No. 1, ¶¶ 25, 26, 27, 32.) Joyce filed a sex discrimination

complaint with the Wisconsin Equal Rights Division (ERD) and the Equal Employment Opportunity Commission (EEOC) on November 7, 2013. (ECF No. 1, ¶ 31.) Milwaukee Cylinder terminated her employment in May 2014. (ECF No. 1, ¶ 49.)

A six-day hearing was held before an administrative law judge (ALJ) in 2016, and on September 29, 2017, the ALJ issued a decision, finding that Joyce had failed to prove that Milwaukee Cylinder discriminated or retaliated against her. (ECF No. 42 at 2.) Joyce sought review of this decision by Wisconsin's Labor and Industry Review Commission (LIRC). (ECF No. 42 at 3.)

On November 12, 2018, Joyce filed this action against Milwaukee Cylinder and her union, International Association of Machinists, Local 1862, alleging that both discriminated against her based on her sex, in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1, ¶ 72-73.) She also alleges that Milwaukee Cylinder retaliated against her for complaining of sex discrimination. (ECF No. 1, ¶¶ 76-77.)

On October 31, 2019, LIRC affirmed the ALJ's decision. (ECF No. 42 at 3.) On November 27, 2019, Joyce filed in Milwaukee County Circuit Court a petition for review of LIRC's decision. (ECF No. 42 at 3.)

On January 3, 2020, Milwaukee Cylinder filed a motion to stay this action pending the resolution of Joyce's appeal in state court of the unfavorable decision by the Wisconsin ERD. (ECF No. 41.) Joyce then on January 7, 2020, moved to voluntarily dismiss her state court action. (ECF No. 53-2 at 1-4.) Ten days later, Milwaukee Cylinder and the union

both filed motions for summary judgment in this action. (ECF No. 44, 48.) The briefing on the motion to stay was complete on February 4, 2020. (ECF No. 55.) The briefing on the motions for summary judgment is not yet complete.

2. *Colorado River* **Abstention**

A federal court is not deprived of jurisdiction simply because there is a related or parallel matter pending in state court. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In fact, federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them." *Id*. Nonetheless, there are certain instances where strong considerations of "wise judicial administration" merit a federal court putting its case on hold to allow a state court to act. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 497 (7th Cir. 2011) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 818). This principle, which has come to be known as the *Colorado River* abstention doctrine, "requires a district court to make a two-part inquiry. 'First, the court must determine whether the concurrent state and federal actions are actually parallel.' If so, the court must consider second whether 'exceptional circumstances' justify abstention." *Adkins*, 644 F.3d at 498 (quoting *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006)).

Suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues." *Id.* (quoting *Tyrer*, 456 F.3d at 752). "Precisely formal symmetry" is not necessary, but the suits must "involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Id.* at 498-99 (quoting

3

*Tyrer*, 456 F.3d at 752). Doubts as to whether the two actions are parallel should be resolved in favor of exercising jurisdiction. *Id.* at 499 (quoting *AAR International, Inc v. Nimelias Enterprises S.A.*, 250 F.3d 510, 520 (7th Cir. 2001)).

Exceptional circumstances "exist 'where denying a federal forum would clearly serve an important countervailing interest,' such as 'considerations of proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" *Id*. at 496-97 (quoting *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 716 (1996)). The Court of Appeals for the Seventh Circuit has articulated ten factors for courts to consider in assessing whether exceptional circumstances exist:

> (1) whether the state has assumed jurisdiction over property;
> (2) the inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which jurisdiction was obtained by the concurrent forums;
> (5) the source of governing law, state or federal;
> (6) the adequacy of state-court action to protect the federal plaintiff's rights;
> (7) the relative progress of state and federal proceedings;
> (8) the presence or absence of concurrent jurisdiction;
> (9) the availability of removal; and
> (10) the vexatious or contrived nature of the federal claim.

*Baek v. Clausen*, 886 F.3d 652, 663-64 (7th Cir. 2018) (quoting *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014)).

"Abstention is, at its core, a prudential mechanism that allows federal courts to take note of and weigh significant and potentially conflicting interests that were not—or

could not have been—foreseen by Congress at the time that it granted jurisdiction for a given class of cases to the courts." *Adkins*, 644 F.3d at 497 (quoting *Chico Service Station, Inc. v. Sol Puerto Rico Ltd.*, 633 F.3d 20, 31 (1st Cir. 2011)).

3. **Analysis**

Joyce failed to timely respond to Milwaukee Cylinder's motion to stay, which was filed on January 3, 2020. Under Civ. L.R. 7(b), Joyce's response was due within 21 days--*i.e.*, no later than January 24, 2020. She did not respond until January 29. (ECF No. 53.) Nor did she move for leave to file instanter or even acknowledge the tardiness of her response. Joyce's failure to timely respond to the motion to stay would be reason enough to grant Milwaukee Cylinder's motion. *See* Civ. L.R. 7(d).

The response that Joyce eventually filed was terse. In fact, the relevant portion of her response was so short that the court will recount it in its entirety:

> Milwaukee Cylinder's motion was based on what they termed the "Colorado River Doctrine," which attempts to avoid court proceedings in two separate forums that are duplicative and involve virtually identical litigation. *See Colorado River Water Conservation dist. V. United States*, 424 U.S. 800, 817 (1976). However, in the pending case before *this* court, as opposed to the Plaintiff's prior State of Wisconsin Equal Rights Division ("ERD") administrative proceedings, and the currently open Milwaukee County Circuit Court case (filed pursuant to a petition to review the administrative decision and which has a Motion to Dismiss currently pending), the Plaintiff is asserting rights under federal law, which are not included in the Milwaukee County Circuit Court's purview. Moreover, a crucial witness that was unavailable at the administrative hearing state of the ERD proceedings has come forth and has provided sworn testimony in a deposition for this case. Finally, a prior witness from the ERD proceedings has provided updated testimony that will have relevance for this case.

> Therefore, the Plaintiff requests that Milwaukee Cylinder's Motion to Stay Case be denied.

(ECF No. 53 at 1-2 (emphasis in original).)

Thus, Joyce presents only two arguments as to why she believes a stay should not be granted: this action involves federal law and the state action does not; and she believes she will be able to present additional evidence in this action that she was not able to present in the state proceedings. Joyce has forfeited any alternative argument and in all other respects concedes that the relevant considerations favor a stay. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver.")

Joyce does not dispute that the two actions are parallel. In fact, she seems to largely concede as much in a motion she filed in state court in which she stated that "her Federal case is based on or included the same claims." (ECF No. 53-2 at 4.)

At the heart of Milwaukee Cylinder's motion for a stay is its contention that the pending state action will be preclusive as to the question of discrimination. Joyce does not argue otherwise. However, Joyce attached to her response various documents from the state proceedings, including a motion to dismiss she filed in the state court. (ECF No. 53-2 at 1-4.) The defendants oppose that motion to dismiss, and according to online court records, a hearing on the motion is scheduled for March 27, 2020. *See Susan Joyce vs. Labor*

*and Industry Review Commission*, Milwaukee Cnty. Cir. Ct. Case No. 2019CV009092, available at https://wcca.wicourts.gov.

State administrative findings are afforded preclusive effect only if they "have been subjected to state judicial review." *Staats v. Cty. of Sawyer*, 220 F.3d 511, 514 (7th Cir. 2000) (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-82 n.22, (1982)). "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." *Id.* (quoting *University of Tennessee v. Elliott*, 478 U.S. 788, 796 (1986)).

Thus, if the state court were to grant Joyce's motion to dismiss, the administrative decision would not have been judicially reviewed and would not be afforded preclusive effect. Although Joyce highlights that this action involves federal law whereas state law underlies the state action, the distinction is largely inconsequential. The relevant Wisconsin law is "virtually identical" with the relevant portions of Title VII. *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1242 (7th Cir. 1983).

And it is unclear why Joyce's belief that she will be able to present additional evidence in the federal proceeding is relevant to the defendant's motion to stay, which hinges largely on whether the state proceedings will be afforded preclusive effect. The administrative proceedings provide for the full presentation of evidence and development of claims. *Jakob-Anderson v. City of Madison*, No. 03-C-445-C, 2004 U.S. Dist. LEXIS 15526, at *10 (W.D. Wis. July 21, 2004) (citing Wis. Stat. § 227.45). If the state

7
Case 2:18-cv-01790-WED     Filed 02/19/20     Page 7 of 8     Document 62

administrative decision is judicially reviewed and thus afforded preclusive effect, she will not have the opportunity to present additional evidence in this court.

Given that this court does not yet know whether the state court will grant Joyce's motion to dismiss the state court complaint, it may be appropriate to deny without prejudice Milwaukee Cylinder's motion to stay. However, to do so would be inefficient. Should the state court deny Joyce's motion to dismiss, a stay now will have saved Milwaukee Cylinder the effort and expense of filing both a reply in support of its pending motion for summary judgment and a renewed motion for a stay. If the state court grants Joyce's motion to dismiss, the delay in this action would have been relatively short. Consequently, the court will grant Milwaukee Cylinder's motion to stay.

**IT IS THEREFORE ORDERED** that Milwaukee Cylinder's motion to stay (ECF No. 41) is **GRANTED**. No later than 14 days after the resolution of S*usan Joyce vs. Labor and Industry Review Commission*, Milwaukee Cnty. Cir. Ct. Case No. 2019CV009092, Milwaukee Cylinder shall inform this court of the resolution of that action. In doing so, Milwaukee Cylinder shall propose what further action is required in this matter.

Dated at Milwaukee, Wisconsin this 19th day of February, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge